IN THE CIRCUIT COURT FOR PULASKI COUNTY, ARKANSAS

JOE FELDMAN, on behalf of himself and all
others similarly situated,

        Plaintiff,

vs.

THE STANDARD FIRE INSURANCE
COMPANY

        Defendant.

Case No. CV2008-0012
Jury Trial Demanded

Pat O'Brien Pulaski Circuit Clerk

## CLASS ACTION COMPLAINT

Plaintiff, Joe Feldman, on behalf of himself and all other persons similarly situated, allege as follows:

### INTRODUCTION

1.      Defendant, The Standard Fire Insurance Company, ("Standard Fire" or "Defendant"), implemented a deceptive scheme by which it deceived Plaintiff and Class members into purchasing higher priced private passenger auto insurance policies by concealing from them the availability of lower priced policies that are identical in coverage and service and that differ only in price.

2.      In Arkansas and elsewhere, Defendant sells identical homeowners insurance at multiple prices.

3.      The difference in the price of the multiple priced homeowner policies offered (or concealed from) a person in a particular risk class does not relate to underwriting factors.

Defendant systematically and uniformly conceals from consumers the availability of lower priced homeowner policies offering identical coverage and service.  Defendant systematically and uniformly concealed this fact from Plaintiff and Class members.

4.    Typically, Defendant utilizes one "company" to sell only one type of policy either at a high price or low price.  Defendant's authorized agents choose whether to sell each consumer a high-priced or low-priced policy.  Defendant knows how its homeowner insurance is sold, and it facilitated, promoted, and created the concealment scheme, in part by selling the same homeowner insurance through purportedly distinct affiliates.

5.    Plaintiff and Class members, all of whom purchased a higher priced homeowner policy, paid substantially more for identical coverage and policyholder service than they would have paid if Defendant had disclosed the availability of the identical lower priced policy.

6.    Defendant exercises control over the sales process, which they intentionally designed to deceive Plaintiff and the Class members.

7.    For example, authorized agents sell Defendant's homeowner insurance products through the use of computer software developed and provided by Defendant.  Defendant's software requires Defendant's agents to submit information pertaining to underwriting criteria (e.g., prospective policyholders name, address, age, claims history record) when qualifying a potential customer for Defendant's auto insurance policies.

8.    At the conclusion of the underwriting criteria input process, Defendant's software enables its agents to quote multiple premiums for insurance policies that provide identical coverage and policyholder service, and differ only in price.

9.    These multiple premium quotes correspond to Defendant's higher and lower priced policies.

10.     Plaintiff and Class were all quoted a policy price, based on their underwriting data, suggesting that was the price of the policy for which they qualified. The sales process was designed by Defendant to conceal the existence of lower-priced identical policies from Plaintiff and the Class.

11.     Plaintiff and Class members received no benefit whatsoever in exchange for paying the higher premiums that Defendant established for the higher priced policies.

12.     Defendant and its agents owe a fiduciary duty to consumers who purchase Standard Fire insurance. Pursuant to this fiduciary duty, Defendant and its agents must fully and accurately explain to Plaintiff and Class members all material terms and conditions of their auto insurance policies, including price. Defendant's insurance agents operated as "dual agents," in that they sold multiple insurance lines and acted both as the purchasers' and insurers' agents. Defendant relied on and exploited this dual agency status in order to implement the sales scheme described herein.

13.     Separate from, and in addition to their fiduciary duty to Plaintiff and Class members, Defendant and its agents owe a duty of full and fair disclosure arising from their superior knowledge of Defendant's insurance products, and their partial speaking (regarding, among other things, the price of the policy for which Plaintiff qualified), and their intentional concealment of the material information regarding the existence of identical policies for which they qualified, all with the intent to induce Plaintiff to buy the higher priced policy.

14.     In violation of these duties, Defendant and its agents have offered, quoted and sold higher priced insurance policies while concealing from Plaintiffs and Class members the availability of identical, lower priced homeowners insurance.

15. Defendant, having exclusive knowledge of the availability of lower priced coverage for the same insurance they sold at a higher price knowing and expecting that Plaintiff and Class members would reasonably believe when quoted a rate for Standard Fire homeowners insurance that they had been quoted the only available rate for Standard Fire homeowners insurance, made a partial disclosure of only the higher price. By doing so, Defendant knew that they would, and in fact did, induce Plaintiff and Class members to purchase Standard Fire homeowners insurance at the higher available price, when any consumer would have purchased identical Standard Fire homeowners insurance at the lower available price, had Defendant and its agents disclosed that price.

16. Plaintiff and Class members have been proximately harmed, and Defendant has been unjustly enriched, by Defendant's deceptive and unlawful scheme.

## PARTIES, JURISDICTION AND VENUE

17. Plaintiff Joe Feldman is a resident of Pulaski County, Arkansas.

18. During the relevant time period, and as a result of Defendant's scheme, Plaintiff was insured under a higher priced Standard Fire homeowner's insurance policy from 2001 until 2007. (Policy number 948719700 633 1, Exhibit "1").

19. Defendant sold Plaintiff his insurance policy without disclosing to him the availability of a less expensive insurance offering identical coverage and policyholder service.

20. At no time did Defendant disclose to Plaintiff that he could have paid substantially less for her homeowners insurance.

21. Each year for the past several years, Defendant sold Plaintiff his insurance policy without disclosing to him the availability of a less expensive homeowner's insurance policy offering identical coverage and policyholder service.

22.     At no time did Defendant disclose to Plaintiff that he could have paid substantially less for his homeowners insurance.

23.     Defendant is a foreign corporation authorized to do business in Arkansas. Defendant maintains its principal place of business in Connecticut.

24.     Defendant developed and implemented the premium and commission structure for the sale of every Standard Fire homeowner's insurance policy throughout Arkansas.

25.     Defendant appoints, trains and supervises its agents who sell Standard Fire homeowner's insurance.

26.     In committing the unlawful acts described herein, Defendant's appointed authorized agents acted within the scope and course of the authority expressly granted by Defendant.

27.     Defendant has pursued a common plan, design, and course of conduct, acted in concert with, aided and abetted, and otherwise conspired with its agents, in furtherance of their common design or scheme to defraud Plaintiff and Class members as described herein.

28.     This Court has jurisdiction over this proceeding as part of the wrongful activity alleged herein occurred in the state of Arkansas.

29.     Venue is proper in this Court because (1) the transaction giving rise to Plaintiff's claims occurred, in part, in Pulaski County; (2) Plaintiff resides in Pulaski County; and (3) Defendant operates and transacts business in Pulaski County.

30.     There is no federal diversity jurisdiction because the total amount in controversy as to Plaintiff and each individual member of the Class does not exceed $74,999 each and the aggregate amount of claims of the Class does not exceed $4,999,999.

31.     There is no federal question jurisdiction. The claims asserted by Plaintiff and the Class invoke no federal question or statute and federal law does not preempt Plaintiff's state law causes of action. Plaintiff states and intends to states causes of actions solely under state law and expressly denies any attempt to state a cause of action under federal law.

### CLASS ACTION ALLEGATIONS

32.     Plaintiff brings this class action pursuant to Rule 23 of the Arkansas Rules of Civil Procedure on behalf of a class (the "Class") consisting of:

> All persons who purchased an Arkansas homeowner's insurance policy from Defendant prior to September 1, 2003 (the "Class Period").

33.     Excluded from the Class are all present and former agents of Defendant during the Class Period; any Class member who timely elects to be excluded from the Class; and the judge to whom their case is assigned, and any member of his or her immediate family.

34.     Throughout the Class Period, and as of the present date, Defendant had and has the administrative ability, through its computer systems and other records, to identify all members of the Class.

35.     Plaintiff alleges that all Class members sustained injury in fact as a proximate result of the unlawful scheme alleged herein, including the injury of paying a higher price for insurance than they would have paid had Defendant disclosed the availability of lower priced policies, providing identical coverage and policyholder service.

36.     Plaintiff is a member of the Class described herein. As a result of Defendant's failure to disclose and make available to Plaintiff their lowest available price for auto insurance, Plaintiff purchased higher priced Standard Fire homeowner's insurance policies. Defendant sold

Plaintiff higher priced auto insurance policies without informing Plaintiff of the availability of the exact same insurance policy at a lower price.

37.     This action is properly brought as a class action under Rule 23.  Membership in the Class is so numerous as to make it impractical to bring all Class members before the Court. The exact number of Class members is unknown, but can be determined from Defendant computerized and other records.  Plaintiff reasonably estimates and believes that there are thousands of persons in the Class.  Although Plaintiff does not presently know the names of all Class members, their identities and addresses can be readily ascertained from Defendant's records.

38.     There are numerous and substantial questions of law and fact common to all of the members of the Class that control their litigation and that predominate over any individual issues.  Defendant designed and implemented the sales program involving its homeowner's insurance policies and concealed from their policyholders any disclosure of the programs available to the policyholder or the availability of less expensive homeowner's insurance policy products, whereby the policyholder could receive the same auto insurance policy for substantially less money.  The common questions raised by Plaintiff's claims include, but are not limited to, the following:

   a.     Whether Defendant has a duty to disclose to consumers the lowest available price for Defendant's homeowners insurance;

   b.     Whether Defendant developed and carried out a scheme to conceal from consumers the lowest available price for Defendant's homeowners insurance;

   c.     Whether Defendant induced its authorized agents to conceal from consumers the lowest available price for Defendant's homeowners insurance;

d.    Whether Defendant failed and refused to train, supervise, monitor and discipline its authorized agents who concealed from consumers the lowest available price for Defendant's homeowners insurance;

e.    Whether Defendant disseminated insurance applications that did not disclose to consumers the option of paying lower premiums for identical policies;

f.    Whether Defendant implemented a scheme designed to conceal the availability of lower priced homeowner's insurance policies for identical coverage;

g.    Whether Defendant sold homeowner insurance policies and did not disclose to consumers the option of paying lower premiums for identical coverage;

h.    Whether the conduct of Defendant, as described herein, supports Plaintiff's claims for fraudulent concealment, the Arkansas Deceptive Trade Practices Act, unjust enrichment, and fraud; and

i.    Whether the Class is entitled to compensatory and punitive damages and/or injunctive relief against Defendant.

39.    Plaintiff claims are typical of those of the Class.  Defendant concealed from Plaintiff and Class members the availability of different premium options for homeowner's insurance policies offering identical coverage and policyholder service.  By failing to disclose and intentionally concealing material facts, Defendant kept Plaintiff and Class members unaware of their deception.

40.    Plaintiff has no interests adverse to those of Class members.  Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced and competent in the prosecution of class actions and complex litigation, including litigation involving homeowner insurance policies.

41.    A class action is superior to other available methods for the fair and efficient adjudication of their litigation as it provides the only reasonable means of relief because Defendant has concealed its conduct from Class members and, absent certification, Class members will not be aware of their rights to relief.  Absent a class action, Class members would

be required to litigate multiple individual claims presenting common, duplicative evidence of Defendant's sales program, including the common omissions and misrepresentations described herein, which could be avoided by using the class mechanism. Further, costs of individual litigation would be prohibitive to Class members. Even if individual Class members were able to afford such individual litigation, it would be unduly burdensome to Class members and the Courts in which the individual litigation would proceed. Class treatment of the claims alleged herein will be manageable because there is common evidence of Defendant's deceptive sales program and a limited number of factual and legal issues common to all Class members.

42.     Accordingly, class certification is appropriate under Rule 23 because common issues of law and fact regarding Defendant's deceptive sales of auto insurance policies predominate over individual issues, and class certification is a superior method of resolving those claims.

## COUNT I

## VIOLATION OF THE ARKANSAS DECEPTIVE TRADE PRACTICES ACT

43.     Plaintiff incorporates, by reference, each of the allegations contained in the preceding paragraphs.

44.     Defendant's practice of concealing and failing to disclose to consumers the availability of lower priced homeowner's insurance policies furnishing the same coverage as Defendant's higher priced homeowner's insurance policies described herein constitutes a violation of the Arkansas Deceptive Trade Practices Act § 4-88-102 *et seq*. Defendant's practice constitutes an unfair or deceptive act or practice occurring in a trade or business and is intentional, systematic, unconscionable, false, deceptive, and unfair business practice.

45. Defendant's practice of concealing and failing to disclose to consumers the existence of lower priced homeowner's insurance policies furnishing the same coverage as Defendant's higher priced homeowner's insurance policies affects the public interest in that Defendant's wrongful conduct has the capacity to deceive a substantial portion of the public.

46. Defendant's practices described herein caused Plaintiff and the Class to suffer injury and damages.

**COUNT II**

**FRAUD/CONSTRUCTIVE FRAUD**

47. Plaintiff incorporates, by reference, each of the allegations contained in the preceding paragraphs.

48. Defendant specifically intended to develop and implement a deceptive and unlawful scheme to promote the sale of its higher priced homeowner's insurance policies by concealing from Plaintiff and Class members the availability of lower priced identical policies.

49. Pursuant to its scheme, Defendant sold thousands of higher priced homeowner's insurance policies to Plaintiff and Class members, while concealing from them the availability of lower priced identical policies.

50. Defendant has intentionally and purposely misled Plaintiff and Class members by concealing from them the availability of lower priced policies for which they qualified, and by collecting excessive insurance premiums for higher priced policies that provide coverage levels and service identical to those provided by the readily available, lower priced policies.

51. Defendant has purposely concealed the practice by which Defendant conceals from consumers the availability of lower priced policies providing the same coverage and service as the policies that Plaintiff and Class members were, in fact, sold.

52.     In furtherance of its fraud, Defendant never informed Plaintiffs or Class members of the availability of lower priced policies providing the same coverage as the policies that Plaintiffs and Class members were, in fact, sold.

53.     The intended common purpose of their fraudulent scheme, and the deceptive and unlawful sales practices described herein, was to deceive Plaintiff and Class members by selling to them higher priced homeowner's insurance policies that merely duplicated the coverage and service available under Defendant's lower priced policies that were readily available from Defendant's agents, and the existence of which policies Defendant was under a duty to disclose.

54.     Defendant's fraudulent and deceptive practices described herein caused Plaintiffs and the Class to suffer injury and damage.

## COUNT III

### UNJUST ENRICHMENT

55.     Plaintiff incorporates, by reference, each of the allegations contained in the preceding paragraphs.

56.     Defendant has knowingly received, and continues to receive, a substantial benefit at the expense of Plaintiff and Class members.

57.     It would be unjust and unconscionable to permit Defendant to enrich itself at the expense of Plaintiff and Class members and to retain the excessive premiums that Defendant wrongfully obtained from Plaintiffs and Class members.

## COUNT IV

### FRAUDULENT CONCEALMENT

58.     Plaintiff incorporates, by reference, each of the allegations contained in the preceding paragraphs.

59.    Defendant's practice of concealing and failing to disclose to consumers the existence of lower priced homeowner's insurance policies furnishing the same coverage as Defendant's higher priced homeowner's insurance policies was a uniform and active concealment and failure to disclose material facts to Plaintiff and Class members, with the intent that Plaintiffs and Class members rely upon these concealments and/or omissions.

60.    Defendant knew the concealments and omissions to Plaintiff and Class members were deceptive, material and misleading.  Defendant undertook such fraudulent concealment and omissions with the intent to conceal the true facts from Plaintiff, Class members and the public. Defendant owes Plaintiff and the Class a duty to disclose the material facts they concealed and omitted because:

        a.    Defendant has superior knowledge;

        b.    Defendant made partial disclosures of policy pricing and information; and

        c.    Defendant engaged in active and fraudulent concealment of the true facts.

61.    The facts and information concealed and omitted by Defendant were material in that reasonable consumers would have considered it important in making their decision to purchase insurance, and could not make fully informed decisions because of the concealment and omissions of these material facts. Plaintiff and Class had no way of discovering the existence of the lower priced policies.   Further, Defendant actively concealed the truth by providing misleading documentation and regular account information which concealed the fraud.

62.    Therefore, Plaintiff and Class members reasonably relied on the concealment and omissions of the Defendant and, as a result, suffered damages as set forth herein. For these reasons, any statute of limitation should be tolled and Standard Fire should be precluded from raising a defense on the basis of the statute of limitations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a.   For an order certifying the Class and appointing Plaintiff and her counsel to represent the Class;

b.   For an order finding Defendant liable under each of the causes of action pleaded above;

c.   For an order awarding Plaintiff and Class members restitution and/or disgorgement and other equitable relief as the Court deems appropriate;

d.   For compensatory damages for Plaintiff and the Class;

e.   For an order enjoining Defendant from continuing the misconduct described herein;

f.   For attorneys' fees and costs incurred in the pursuit of their action; and

g.   For an order awarding such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated this 10th day of January, 2008.

Respectfully submitted,

Thomas P. Thrash
**THRASH LAW FIRM**
1101 Garland Street
Little Rock, AR 72201
(501) 374-1058
(501) 374-2222 (fax)

Don Barrett
Barrett Law Office, P.A.
404 Court Square North
P.O. Box 987
Lexington, MS 39095
(662) 834-2376
(662) 834-2628 (fax)

Charles Barrett
BARRETT & ASSOCIATES
6518 Highway 100, Suite 210
Nashville, TN 37205
(615) 515-3393
(615) 515-3395 (fax)

Eric Kennedy
WEISMAN, KENNEDY & BERRIS
1600 Midland Building
101 Prospect Avenue
Cleveland, OH 44115
(216) 781-1111
(216) 781-6747 (fax)

*Attorney for Plaintiff and the Class*