IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOE FELDMAN, on behalf of himself
and all other similarly situated                                                           PLAINTIFF

VS.                          CASE NO. 4:08CV000143 JMM

THE STANDARD FIRE
INSURANCE COMPANY                                                                         DEFENDANT

**ORDER**

Pending before the Court is plaintiff's Motion to Remand to State Court and defendant's response. For the reasons stated below, the motion is granted (#10).

Defendant removed this action from Arkansas state court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332. Plaintiff seeks remand on the grounds that the Court lacks subject matter jurisdiction because the amount in controversy requirements of 28 U.S.C. § 1332 (a) and (d) have not been met.

Plaintiff brings this action as a class action contending that defendants deceived plaintiff, and others, by concealing the availability of lower priced policies that provided identical coverage and seeks compensatory damages, injunctive relief, and attorneys' fees. Plaintiff's complaint states that his claim does not exceed $74,999.00 and that the claim of the class does not exceed $4,999,999.00.

Defendant argues that because plaintiff is seeking disgorgement of all premiums paid, compensatory damages in addition to the claim for attorneys' fees, injunctive relief, and punitive damages easily satisfies the amount in controversy requirement.

Defendant contends that plaintiff is seeking punitive damages based upon one sentence found in the listing of common questions used to support plaintiff's request for class action.

Plaintiff contends that the inclusion of punitive damages in this section of the complaint is a typographical error and that neither he, nor the class, is seeking punitive damages.

The Class Action Fairness Act confers federal jurisdiction over class actions where, among other things, (1) there is minimal diversity; (2) the proposed class contains at least 100 members; and (3) the amount in controversy is at least $5 million in the aggregate.  *See* 28 U.S.C. § 1332(d).

After reviewing the complaint, the Court finds that plaintiff is seeking disgorgement of the difference in price between the two insurance policies, injunctive relief, and reasonable attorneys' fees.   The reference to punitive damages in the body of the complaint does not amount to a prayer for relief in the form of punitive damages.

Moreover, while defendant contends that plaintiff has no right to limit or compromise the recovery of the class without court approval, the record reflects that plaintiff does not represent the class as it has not been determined that this is a class action.  Plaintiff's representation that he is not seeking punitive damages may well prevent him from representing the class, but that is not the issue before this Court.

The Court finds that for the class, compensatory damages amounts to $630,000.00 and for the plaintiff, compensatory damages amounts to $268.00.  By using this amount to determine the amounts of  injunctive relief and attorneys' fees, the Court finds that the amount of damages available to the class is less than $5,000,000.00, and the amount of damages to the plaintiff is less than $75,000.00

Based upon these findings, plaintiff has meet his burden of proof that neither he, nor the class, can recover damages in excess of those required for federal jurisdiction.

The Clerk of the Court is directed to return this case to the Circuit Court for Pulaski County, forthwith.

IT IS SO ORDERED THIS  14  day of    May   , 2008.

                                                                                  James M. Moody
                                                                                  United States District Judge